## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| AHMED AHMED, | ) | |
| | ) | |
| Plaintiff, | ) | No. 21-1048 |
| | ) | |
| v. | ) | |
| | ) | |
| VILLAGE OF MELROSE PARK, | ) | |
| MELROSE PARK P.O. SULLO | ) | |
| IN HIS INDIVIDUAL CAPACITY, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Ahmed Ahmed, by his attorney, Michael Schmiege of The Law Office of Michael Schmiege, PC and brings this Complaint against Defendants Village of Melrose Park and Melrose Park Police Officer Giovanni Sullo. In support thereof, the following is stated:

## JURISDICTION & VENUE

1.      The incident giving rise to this Complaint occurred on June 26, 2019 in the Village of Melrose Park, County of Cook, State of Illinois.

2.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of Plaintiff's rights as secured by the United States Constitution.

3.      This Court has jurisdiction pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331 and § 1343(a), and supplemental jurisdiction as provided by 28 U.S.C. § 1367(a).

4.     Venue is proper under 28 U.S.C. § 1391(b) as all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within this district.

## PARTIES

5.     At all times relevant to this complaint Plaintiff AHMED was a resident of County of Cook, Illinois.

6.     At the time of the incident Defendant SULLO was acting under color of law and within the course and scope of his employment with the Melrose Park Police Department.

7.     Village of Melrose Park is the indemnifying entity for the actions taken by Defendant SULLO and the Village of Melrose Park is being sued on an indemnification theory.

8.     At the time of the incident Defendant Village of Melrose Park was the employer of the Defendant SULLO and is being sued based on a theory of *respondeat superior* on the state law claims.

9.     On June 26, 2019 AHMED was leaving the Xsport gym located at 1101 W North Ave, Melrose Park, Cook County, Illinois.

10.     AHMED saw an African-American woman sitting in a vehicle being berated by a man, now known to be SULLO, in a condescending manner.

11.     SULLO walked away from the African-American woman with a look of disgust as she attempted to call him back.

12.     As SULLO walked away AHMED heard him say: *I heard him saying a racial slur as well as statements you'd be embarrassed to hear someone make about an animal.*

13.     AHMED asked SULLO to come speak with him, by saying "hey, can you come here?" and at this time AHMED, being close enough to see SULLO's shirt, learned that SULLO was a Melrose Park Police Officer.

14.     SULLO responded "what do you want?"

15.     AHMED stated that he wished to speak with SULLO's supervisor and

16.     SULLO responded "for what?"

17.     AHMED stated that "people should be treated with respect, can I speak to your supervisor please?"

18.     SULLO responded "Get the fuck out of here" and points away .

19.     AHMED then stated to SULLO "Ok, I will drive down to the police station to report this."

20.     SULLO then walks away from AHMED.

21.     AHMED walked to his vehicle and began to type Melrose Park Police Department into his GPS and as he was driving away, a police car driven by SULLO, cuts in front of AHMED, blocks him, and slams the breaks. SULLO then ran towards AHMED with his hand on his weapon, screaming at AHMED to get out of the car.

22.     SULLO told AHMED  "Get the fuck out of the car," to which AHMED stated "Why? What'd I do?"

23.     SULLO stated "Get out of the car now motherfucker" and put his hand on his gun to take it out.

24.     AHMED in fear of his life exited the vehicle. SULLO grabbed AHMED, shoved him against his vehicle, handcuffed him, and started dragging him towards his police vehicle.

25.     AHMED stated, "What did I do?"

26.     SULLO responded, "You identified yourself as a Police Officer, as a State Trooper."

27.     AHMED denied the false accusations and stated, "I absolutely did no such thing, are you wearing a body camera" to which SULLO responded in the negative.

28.     SULLO shoved AHMED into the back seat of his police vehicle and went into AHMED's car and started searching it. SULLO came out with AHMED's wallet and started going through his ID cards.

29.     AHMED had committed no crime but SULLO drove AHMED to the Melrose Park Police Station and placed him in a holding cell.
During the booking procedure SULLO put a knife against AHMED's genitals saying he needed to cut something off of AHMED's pants.

29.     While in custody at the Melrose Park Police Department SULLO and his fellow officers made facetious comments about AHMED's religion, Islam.

30.     AHMED, who is Muslim, requested the ability to pray in a clean setting. AHMED was being confined in a cell with a toilet and praying in that

setting was in violation of Islam. Needing to pray, AHMED was forced to clean the cell and the toilet on his own.

31.     SULLO was motivated by illegitimate animus against the Plaintiff because he was Muslim and intentionally treated Plaintiff differently than others similarly situated and there was no rational basis for the difference in treatment.

32.     SULLO created false and fabricated police reports.

33.     SULLO sought criminal charges against AHMED and signed criminal complaints against him despite knowing there was no probable cause to do so.

34.     Because of the false criminal charges filed against AHMED by SULLO, AHMED was forced to miss work, lost employment opportunities and hired an attorney resulting in financial loss.

35.     All charges against AHMED were terminated in his favor, in a manner consistent with the innocence of the Plaintiff.

36.     As a proximate result of all the aforementioned actions by DEFENDANT SULLO, AHMED suffered pecuniary loss in the form of attorney fees and lost wages, loss of freedom, pain and suffering, and emotional distress, great mental anguish, humiliation, degradation, pain and suffering, and other grievous and continuing injuries and damages as set forth above.

## Count I: 42 U.S.C. § 1983 False Arrest

**37.**     Each paragraph of this Complaint is incorporated as if restated fully herein.

38.     On or about June 26, 2019, AHMED was seized and arrested without a warrant and without probable cause by SULLO.  This seizure and arrest were in violation of AHMED's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

39.     SULLO falsely arrested AHMED under color of state law, and within the course of his employment.

40.     The acts committed by SULLO were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of AHMED's constitutional rights and would cause harm to him.

WHEREFORE, AHMED prays for judgment against SULLO for compensatory and punitive damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

## Count II: 42 U.S.C. § 1983 – Due Process

41.     Each paragraph of this Complaint is incorporated as if restated fully herein.

42.     In the manner described more fully above, SULLO deprived AHMED of his constitutional right to due process.

43.     In the manner described more fully above, SULLO deliberately withheld exculpatory evidence from AHMED and from state prosecutors, among others, as well as knowingly fabricated false reports, thereby misleading and misdirecting the criminal prosecution of AHMED.

44.     SULLO's misconduct directly resulted in the detention of AHMED and in the start of and continuation of unjust criminal proceeding against AHMED, denying him of his constitutional right to due process under the Fourteenth Amendment.

45.     Absent SULLO's misconduct, the prosecution of AHMED could not and would not have been pursued.

46.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with reckless and deliberate indifference to the rights of others, and in total disregard of the truth and of AHMED's innocence.

47.     SULLO's actions were taken under color of law and within the scope of their employment.

WHEREFORE, AHMED prays for judgment against SULLO for compensatory and punitive damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

## Count III: 42 U.S.C. § 1983 – Fourth Amendment Claim

48.     Each paragraph of this Complaint is incorporated as if restated fully herein.

49.     In the manner described more fully above, SULLO, while acting as  an investigator, accused AHMED of criminal activity and exerted influence to initiate, continue, and perpetuate judicial proceedings against AHMED without any probable cause for doing so and in spite of the fact that he knew AHMED was innocent.

50. In doing so, SULLO caused AHMED to be unreasonably seized without probable cause and deprived of his liberty, in violation of his rights secured by the Fourth and Fourteenth Amendments.

51. The false judicial proceedings against AHMED were instituted and continued maliciously, resulting in injury.

52. SULLO deprived AHMED of fair state criminal proceedings, including the chance to defend himself during those proceedings, resulting in a deprivation of his liberty.

53. In addition, SULLO subjected AHMED to arbitrary governmental action that shocks the conscience in that AHMED was deliberately and intentionally framed for a crime of which he was totally innocent.

54. This was accomplished through SULLO's fabrication of police reports.

55. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with reckless and deliberate indifference to the rights of others, and with total disregard of the truth and of AHMED's clear innocence.

56. SULLO's actions were taken under color of law and within the scope of his employment.

57. As a result of SULLO's misconduct described in this Count, AHMED suffered loss of liberty, great mental anguish, humiliation, degradation, pain and suffering, and other grievous and continuing injuries and damages as set forth above.

WHEREFORE, AHMED prays for judgment against SULLO for compensatory and punitive damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

## Count IV: 42 U.S.C. § 1983 – Equal Protection Claim

58. Each paragraph of this Complaint is incorporated as if restated fully herein.

59. SULLO intentionally treated Plaintiff differently than others similarly

60. There was no rational basis for the difference in treatment.

61. SULLO was motivated by illegitimate animus against the Plaintiff.

62. As a result of SULLO's misconduct described in this Count, AHMED suffered loss of liberty, great mental anguish, humiliation, degradation, pain and suffering, and other grievous and continuing injuries and damages as set forth above.

WHEREFORE, AHMED prays for judgment against SULLO for compensatory and punitive damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

## Count V: Illinois Law – Malicious Prosecution

63. Each paragraph of this Complaint is incorporated as if restated fully herein.

64. In the manner described more fully above, SULLO accused AHMED of criminal activity and exerted influence to initiate, continue, and perpetuate judicial

proceedings against AHMED without any probable cause for doing so.

65.     In so doing, SULLO caused AHMED to be subjected improperly to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury. SULLO's actions were taken under color of law and within the scope of his employment.

66.     All charges against the Plaintiff were terminated in the Plaintiff's favor, in a manner consistent with the innocence of the Plaintiff.

67.     As a result of SULLO's misconduct described in this Count, AHMED suffered loss of liberty, great mental anguish, humiliation, degradation, pain and suffering, and other grievous and continuing injuries and damages as set forth above.

## Count VI: Illinois Law – *Respondeat Superior*

68.     Each paragraph of this Complaint is incorporated as if restated fully herein.

69.     While committing the acts alleged in the preceding paragraphs, SULLO was an employee, member, and agent of the Defendant Village of Melrose Park, acting at all relevant times within the scope of his employment.

70.     Defendant Village of Melrose Park is liable as principal for all torts committed by their agents.

WHEREFORE, pursuant to 745 ILCS 10/9-102, should SULLO be found liable on one or more of the claims set forth herein, Plaintiff demands that

Defendant Village of Melrose Park be found liable for any judgment – other than punitive damages – he obtains thereon.

### Count VII: Illinois Law – Indemnification

71. Each paragraph of this Complaint is incorporated as if restated fully herein.

72. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment.

73. SULLO was an employee, member, and agent of the Defendant Village of Melrose Park, acting at all relevant times within the scope of this employment in committing the misconduct described herein.

WHEREFORE, AHMED, respectfully request that this Court enter a judgment in his favor and against the Village of Melrose Park and SULLO, awarding compensatory damages, attorneys' fees and costs against each Defendant, punitive damages against SULLO, and any other relief this Court deems just and appropriate.

### JURY DEMAND

AHMED hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully Submitted,

By: s/ Michael P. Schmiege
Michael P. Schmiege
Attorney for Defendant
33 East 1st Street, 2nd Floor

Hinsdale, Illinois 60521
TEL: (312) 626-2400
FAX: (312) 626-2401
IL ARDC 6287317
mikeschmiege@gmail.com